In the
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| JAMES L. McLEAN ]<br>and ]<br>EDITH L. McLEAN, ]<br>    Plaintiffs, ]<br>      v. ]<br>]<br>RONALD A. RAY, ESQUIRE, ]<br>    and ]<br>ECONOMOU, FORRESTER & RAY, ]<br>    Defendants. | Civil Action No. 1:10-CV-456<br>(LO/TCB) |

### PLAINTIFFS' AMENDED RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

We incorporate by reference the substance of the Memorandum in Support of Plaintiffs' Amended Motion for Summary Judgment filed today. As noted in Plaintiffs' Motion for Summary Judgment and the supporting Memorandum, we are not pursuing further a judgment on the claims pled in Counts II through VII and Counts XIV through XIX of the Second Amended Complaint ("Complaint").[1] In other words, we are not seeking judgment for any acts that occurred prior to May 5, 2009. Therefore, it is appropriate for the Court to dispose of those claim as it deems most appropriate – either by voluntary dismissal or summary judgment if summary judgment is based solely on the ground that the claims in Counts II through VII and Counts XVI through XIX are barred by the Statute of Limitations. We think that disposition on the ground that violations of the FDCPA have not been shown would be unwarranted and legally incorrect.

As to the remaining Counts (VIII through XII and XX through XXIV), we believe the

---

[1] The Court previously granted Plaintiffs' Motion to Voluntarily dismiss Counts I and XIII, and dismissed those Counts without prejudice.

liability issues in this case can and should be resolved via summary judgment. The facts are not truly in dispute. As shown blow and by our Statement of Material Facts not in Dispute submitted with Plaintiffs' Summary Judgment Motion, Defendants' List of Facts not in Dispute is less than fully candid, is in some respects inaccurate, and, in any event, is far from complete. For clarity, we set forth below the items in Defendants' List to which we take exception:[2]

No. 5. The item incorrectly implies that there were not substantive differences between the Arlington Complaint and the Arlington Amended Complaint. That is not so. The Arlington Amended Complaint, as is made plain by Plaintiffs' Statement of Material Facts in their Motion for Summary Judgment, and by Exhibit D, was to add new claims that did not even exist when the Arlington Complaint was filed. It is true the theories for recovery are the same.

No. 7. The facts stated are incomplete, as is made clear by the Declaration of James L. McLean (Exhibit 14). It is true that Mr. McLean does not know the exact amount due ManorCare; however, he does know that there are incorrect charges on the billings. That Mr. McLean does not know the exact amount due does not mean he does not know that there are errors in the billings. Indeed, even Defendant Ray recognized that, stating, "I instructed my client that I didn't want any issues in the case in going forward given all of the errors that had occurred in billing" (Exhibit 15, Ray Dep. at 71). (*Note*: Defendant Ray's Deposition in its entirety was filed in condensed form as Exhibit 3, annexed to Memorandum in Support of Plaintiffs' Motion for Reconsideration of Order of February 11, 2011 (Document No. 90). A courtesy was sent to Chambers.)

No. 8. *See* No. 7, *supra*.

---

[2] References to exhibits by letter are to Defendants' exhibits annexed to the Memorandum in Support of their Motion for Summary Judgment. Reference to exhibits by number are to exhibits annexed to the Memorandum in Support of Plaintiff's Motion for Summary Judgment.

No. 9. Though perhaps not material, we note that this item is inaccurate. Mrs. McLean, during her most recent stay at ManorCare resided there from on or about April 28, 2008 to on or about May 8, 2009. *See* Declaration of James L. McLean, Exhibit 14.

No. 12. Plaintiffs have no evidence to contradict Defendant Ray's statement of what he did prior to filing the Arlington Complaint. We note that no affidavit was attach to any of the three Arlington Complaints, and none is attached to Defendants' filing. Therefore, it is questionable that there exists any affidavit. At the least, Defendants have failed to provide evidence of the existence of the claimed affidavits.

No. 13. *See* No. 12

No. 14. This is not an accurate and complete statement. *See* Declaration of James L. McLean, Exhibit 14. Mr. McLean communicated enough information so as to put Defendant Ray on notice of the break in residence. In any event, for reasons stated in the Memorandum in Support of Plaintiffs' Summary Judgment Motion, Defendant Ray had an obligation to check his facts, particularly since he was aware that people come in and go out of the facility frequently. That notwithstanding, he routinely includes an allegation of continuous residency in his pleadings. He does not check and has no procedures in place to preclude such false claims and allegations. Furthermore, it appears that Defendant Ray routinely asks for interest without any contractual or legal basis for so doing. *See* Plaintiffs' Statement of Material Facts Not in Dispute.

No. 15. While the statement that this was the first written notice is accurate specifically explaining that there was more than a 15 day break in residence, Defendant Ray has notice that there was no written contract applicable at least as early as July 16, 2009, and he had specific oral notice between September 22 and 28, 2009. *See* Ray Affidavit, Exhibit B at ¶¶13.

No. 16. This is a true statement that is disingenuous. "After" is true; however, Defendant

Ray admits the he was informed of the contract's inapplicability because of more than a 15 day break in residence, possibly as early as September 22, 2009 (Ray Affidavit, Defendants' Exhibit B ¶ 13). He confirmed that with his client by the end of October (Ray Dep. 125-37, Exhibit.15). Nonetheless Defendant Ray did nothing to correct the false pleading even after being served with Requests for Admission, and, subsequently, with a summary judgment motion. *See* Plaintiffs' Statement of Material Facts not in Dispute. *See also* Ray Dep. at 50-56.

No. 17. This item makes little, if any, sense. It seems to admit a violation, but seeks then to claim "an erroneous paraphrasing of an interrogatory answer." The fact is that the interrogatory answer shows that there was not a factual basis of the dollar specific *quantum meruit* claims.

No. 18. It is true that Mr McLean does not know the reasonable value of the services. It is incorrect that there have not been attempts made to determine reasonable value. *See* Declaration of James L. McLean Exhibit 14, annexed to Plaintiff's Memorandum in Support of Motion for Summary Judgment). In any event, the facts stated are immaterial.

No. 19. This is incorrect. As demonstrated in Plaintiffs' Statement of Material Facts Not in Dispute, Defendant Ray knew that Lucille Brown was a rank and file ManorCare employee and that she would not be at corporate headquarters. In fact, he had spoken with her. As to Bev Ingles, she was a bookkeeper at the ManorCare Arlington location with whom Mr. Ray had frequent contact. *See* Ray Dep. at 21-22, 51, 123, 125, 127, 173. Additionally, Defendant Ray knew it unlikely that a company operating 350 nursing homes would not have personnel files that at least showed a person's last known address.

No. 20. By delivering the list, Defendant Ray was responding to court ordered discovery. He had an obligation not to deliver a discovery response that was incredible on its face.

For the foregoing reasons, and for reasons stated in the Memorandum in Support of

Plaintiffs' Motion for Summary Judgment on Counts VIII through XII and Counts XX through XXIV, Defendants' Motion for Summary Judgment should be denied.

Respectfully submitted,

/s/
Allen H. Sachsel
Virginia Bar No. 65896
Attorney for James L. McLean and Edith L. McLean
Law Offices of Allen H. Sachsel
10521 Judicial Drive, Suite 307
Fairfax, Virginia 22030
Telephone Number: (703) 385-9400
Fax Number: (703) 385-1007
email: ahs@saarmstrong.
Counsel for James L. McLean and Edith L. McLean

CERTIFICATE OF SERVICE

I certify that on March 28, 2011, I will electronically file the foregoing Amended Response to Defendants' Motion for Summary Judgment with the Clerk of the Court using the CM/EF system, which will then send notification to the following:

> David J. Gogal, Esquire
> Blankingship & Keith, P.C.
> 4020 University Drive, Suite 300
> Fairfax, Virginia 22030
> Phone: (703) 691-1235
> Fax: (703) 691-3913
> email: dgogal@bklawva.com
>
> William B. Porter, Esquire
> Blankingship & Keith, P.C.
> 4020 University Drive, Suite 300
> Fairfax, Virginia 22030
> Phone: (703) 691-1235
> Fax: (703) 691-3913
> email: wporter@bklawva.com
>
> Michael L. Chang, Esquire
> Blankingship & Keith, P.C.
> 4020 University Drive, Suite 300
> Fairfax, Virginia 22030
> Phone: (703) 691-1235
> Fax: (703) 691-3913
> email: mchang@bklawva.com

> /s/
> ────────────────
> Allen H. Sachsel
> Virginia Bar No. 65896
> Attorney for James L. McLean and Edith L. McLean
> Law Offices of Allen H. Sachsel
> 10521 Judicial Drive, Suite 307
> Fairfax, Virginia 22030
> Telephone Number: (703) 385-9400
> Fax Number: (703) 385-1007
> email: ahs@saarmstrong.
> Counsel for James L. McLean and Edith L. McLean